**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–0435 PA (PLAx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | Ecology Control Indus., Inc. v. West Coast Storm, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     MOTION FOR PRELIMINARY INJUNCTION

      Before the Court is a Motion for Preliminary Injunction ("Motion") (Docket No. 15) filed by plaintiff Ecology Control Industries, Inc. ("Plaintiff"). Plaintiff seeks to enjoin defendants West Coast Storm, Inc., Ralph Padilla, and Michelle Padilla (collectively "Defendants")[1] from making or selling automatic retractable screen storm drain systems that Plaintiff alleges infringes on its patents. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for April 6, 2009, has been vacated, and the matter taken off calendar.

### I.     Factual Background

      Plaintiff and Defendants both manufacture automatic retractable screen storm drain systems ("ARS systems"). The ARS systems are designed to cover a storm drain with a screen that blocks debris from flowing into the drain and eventually draining out to sea. However, in high water events, the ARS systems are designed to automatically retract the screen to allow both debris and water into the drain in order to prevent flooding. When water levels return to normal, the screen closes to once again block debris. Plaintiff and Defendants competed for a contract with the City of Los Angeles ("City") to manufacture and install ARS systems. Defendants won the $42 million contract. Plaintiff alleges that Defendants' ARS system infringes on Plaintiff's patents, and that Defendants engaged in unfair competition during the bidding process. Plaintiff now seeks a preliminary injunction to prevent Defendants from manufacturing or selling its ARS systems, thus preventing Defendants from performing in accordance with their contract with the City.

### II.     Standard

      A preliminary injunction is a "drastic and extraordinary remedy" that "is not granted as a matter of right; it must be thoroughly justified." Polymer Techs. v. Bridwell, 103 F.3d 970, 977 (Fed. Cir.

---

[1]     Ralph and Michelle Padilla are owners and officers of WCS.

SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–0435 PA (PLAx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | Ecology Control Indus., Inc. v. West Coast Storm, Inc., et al. | | |

1996) (quoting Intel Corp. v. ULSI Sys. Tech., Inc., 995 f.2d 1566, 1568 (Fed. Cir. 1993), and citing Smith Int'l, Inc. v. Hughes Tool Co., 718 F.2d 1573, 1579 (Fed. Cir. 1983)).  The decision to grant a preliminary injunction is solely within the district court's discretion.  See 35 U.S.C. § 283; Polymer, 103 F.3d at 973.  To obtain a preliminary injunction in a patent case, a party must demonstrate "'(1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest [favors granting the injunction].'"  PHG Tech., LLC v. St. John Cos., Inc., 469 F.3d 1361, 1365 (Fed. Cir. 2007) (quoting Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1338–39 (Fed. Cir. 2003) (citation omitted)).[2/]

Until recently, a plaintiff alleging patent infringement was entitled to a presumption of irreparable harm if it established a likelihood of success on the merits.  See, e.g., Purdue Pharma, L.P. v. Boehringer Ingelheim, GMBH, 237 F.3d 1359, 1363 (Fed. Cir. 2001); Polymer, 103 F.3d at 973 (stating that if the plaintiff "clearly established the first factor (by making a 'clear showing' of both validity and infringement), it was entitled to a rebuttable presumption in its favor regarding the second factor.").  In eBay Inc. v. MercExchange, LLC, however, the Supreme Court clarified that courts may not rely on presumptions to automatically grant a permanent injunction upon a finding of infringement.  547 U.S. 388, 394, 126 S. Ct. 1837, 1841, 164 L. Ed. 2d 641 (2006).  Rather, courts must perform the appropriate equitable analysis to determine whether an injunction is appropriate.  See id.; see also id. at 391, 126 S. Ct. at 1839 ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief.  A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.").

While eBay rejected a presumption of irreparable harm when assessing the issuance of a permanent injunction, the majority of courts to address the issue following eBay have applied its holding to preliminary injunctions as well.  See, e.g., Hologic, Inc. v. Senorx, Inc., No. C 08–133 RMW, 2008 WL 1860035, at *14–*15 (N.D. Cal. Apr. 25, 2008) ("Applying a presumption of irreparable harm in the preliminary injunction context would appear to replace equitable considerations with a rule that an injunction, however preliminary, automatically follows a determination that a valid patent has likely been infringed.  The court is doubtful that the Supreme Court intended for the presumption to survive for purposes of preliminary injunctions."); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1214 (C.D. Cal. 2007) ("[A] district court should not depart from a traditional analysis of the relevant equitable factors, whether for a preliminary or a permanent injunction, unless directed to do so by statute."); Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd., 491 F. Supp. 2d 871, 881 (D. Minn. 2007) ("Although eBay involved permanent rather than preliminary injunctions, the Court believes that

---

[2/]      The law of the United States Court of Appeals for the Federal Circuit governs injunctions in patent cases.  Hybritech, Inc. v. Abbott Labs., 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988).

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09–0435 PA (PLAx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | Ecology Control Indus., Inc. v. West Coast Storm, Inc., et al. | | |

eBay' s logic forbids courts to categorically presume irreparable harm in the preliminary-injunction context, even if a patentee has established that it will likely succeed on the merits."). Thus, Plaintiff must show that injunctive relief is appropriate in light of all four factors.

However, the Court need not analyze all factors when denying a motion for a preliminary injunction. See Polymer, 103 F.3d at 973–74 ("Nevertheless, more limited analysis may support a trial court's denial of a preliminary injunction. For example, a trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors. . . . Similarly, a trial court need not make a finding on a movant's likelihood of success on the merits if it affords the movant the benefit of the presumption of irreparable harm and properly finds that presumption rebutted by the non-movant. . . . Accordingly, the district court did not err by focusing its analysis solely on irreparable harm in denying [movant's] motion.") (internal citations omitted).[3/] Because the Court finds that Plaintiff fails to establish irreparable harm or that the balance of hardships tips in its favor, the Court does not reach the likelihood of success or public interest factors.

## III.    Analysis

### A.    Irreparable Harm

A showing of irreparable harm must involve more than a mere possibility of harm before a preliminary injunction is warranted. Cordis Corp. v. Medtronic, Inc., 780 F.2d 991, 996 (Fed. Cir. 1985) (citations omitted). Plaintiff asserts that it will suffer irreparable harm because Defendants are having cash flow problems and will be unable to pay a final judgment if the preliminary injunction is not granted. In some cases, this might constitute irreparable harm. See, e.g., Rosen Entm't Sys., LP v. Eiger Vision, 343 F. Supp. 2d 908, 921 (C.D. Cal. 2004) (stating that "[t]he court finds that Eiger's statements to Rosen that it would go out of business if forced to pay Rosen even a low royalty rate, coupled with the complete lack of evidence of Eiger's ability to pay a judgment, favors a finding of irreparable harm and granting a preliminary injunction.") (citations omitted). Here, however, the facts do not support Plaintiff's argument. First, Plaintiff provides email chains between Defendant Ralph Padilla and a representative of the City. (Pl.'s Mot., Dickerson Decl. ¶¶ 23, 37, Exs. 23, 37.) In the first email chain, the City representative states that he "is committed to facilitate the process and reducing [sic] its duration as much as possible to alleviate the financial burden that you mentioned." (Id., Ex. 23.) This is hearsay. See Fed. R. Evid. 801, 802. In the second email chain, the representative states that "[t]he other issue for me is to help you get the invoices processed in a timely fashion to help you with the cash flow." (Id., Ex. 37.) This statement does not even purport to represent that Defendants expressed a problem with cash flow. Indeed, these statements, even if admissible, fail to show that Defendants actually have financial problems. They may represent merely what Defendants told the City

---

[3/]    The Court notes that the Polymer case predated eBay, and therefore applied a presumption of irreparable harm.

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09–0435 PA (PLAx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | Ecology Control Indus., Inc. v. West Coast Storm, Inc., et al. | | |

in order to get paid more quickly. Moreover, the statements do not establish if any financial problems Defendants may have are significant enough to have any effect on Defendants' ability to pay a judgment.

However, Defendant Padilla provides in which he states that <u>if</u> Defendants were enjoined from making and selling their ARS systems, they would lose their main source of income, and likely become insolvent. (Defs.' Opp., Padilla Decl. ¶ 4.) Nonetheless, Defendants' admission does not help Plaintiff. Plaintiff seeks to prevent Defendants from performing on their contract with the City because Defendants might not be able to pay a judgment. However, if, as Plaintiff asserts, Defendants would have trouble paying the judgment absent an injunction, Defendants would have significantly more trouble paying if they were enjoined from performing on their contract. Indeed, the money that Defendants would obtain through the contract appears likely to provide assets to pay the judgment that Plaintiff seeks. While the injunction might significantly reduce Plaintiff's damages, and therefore the size of the judgment, the injunction preventing performance on the contract might bankrupt Defendants and prevent Plaintiff from obtaining anything. In fact, this is precisely what Defendants say will happen. (<u>Id.</u>)

Plaintiff also argues that if Defendants are allowed to continue manufacturing and installing their allegedly infringing ARS systems until trial, Plaintiff will suffer loss of market opportunities, market share, and revenue. However, the cases that Plaintiff cites for the proposition that such losses constitute irreparable harm are all pre-<u>eBay</u> cases in which the court merely mentioned such evidence in dicta as supporting the reasonableness of the irreparable harm presumption, or as evidence that the plaintiff offered to show that the defendant's evidence to rebut the presumption of irreparable harm was insufficient. <u>See</u> <u>Pharma</u>, 237 F.3d at 1368; <u>Polymer</u>, 103 F.3d at 975–76; <u>Bio-Tech. Gen. Corp. v. Genentech, Inc.</u>, 80 F.3d 1553, 1566 (Fed. Cir. 1996.) Even if loss of market opportunities, market share, and revenue constitutes irreparable harm, the facts here do not support such loss. As an initial matter, the Court notes that this case is set for trial on November 17, 2009. The parties describe the bidding process for the contract with the City as being quite lengthy. Presuming it is similarly lengthy with other municipalities, Defendants simply will not have time before trial to make many additional significant sales. Plaintiff notes that Defendants used their contract with the City to apply for and obtain an additional contract for ARS systems with the County of Los Angeles. (Mot. 15, Flury Decl. ¶ 3.) However, Plaintiff's supporting declaration simply mentions the contract with the County in passing. It mentions nothing about the contract with the City allowing Defendants to obtain the contract with the County. More important, there is no guarantee that Plaintiff would win the City or County of Los Angeles contracts, or any other contracts, if the Court issued an injunction. The parties do not appear to dispute that there are additional competitors in the marketplace and that Plaintiff can only speculate that it would be chosen. Additionally, the only contracts that the parties discuss are those with the City and County of Los Angeles. Because there are myriad municipalities in the country, and the trial in this case is set for a mere seven months from now, the potential impact on Plaintiff's total market share appears de minimus. Accordingly, Plaintiff has failed to establish irreparable harm.

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09–0435 PA (PLAx) | Date | April 6, 2009 |
|---|---|---|---|
| Title | Ecology Control Indus., Inc. v. West Coast Storm, Inc., et al. | | |

      B.      <u>Balance of the Hardships</u>

Plaintiff's arguments that the balance of hardships tips in its favor are the same as those for irreparable harm: that Defendants will not be able to pay a judgment and that it will lose market share. As noted, these arguments fail. Defendants, on the other hand, say that West Coast Storm, Inc. would be destroyed if the injunction is granted. (Defs.' Mot., Padilla Decl. ¶ 4.) Accordingly, the balance of hardships tips in Defendants favor.

### Conclusion

Because Plaintiff has failed to establish that it would be irreparably harmed absent an injunction, or that the balance of hardships tips in its favor, Plaintiff's Motion is denied.

IT IS SO ORDERED.